IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JOHNNY HAYES, | ) Civil Action No. 3:09-1869-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| PASCHALL TRUCK LINES, INC., | ) |
| Defendant. | ) |

Plaintiff, Johnny Hayes ("Hayes"), filed this action on July 14, 2009.[1] Hayes claims that his former employer, Paschall Truck Lines, Inc. ("Paschall"), failed to provide him with the promised hours of work, gave him unsafe trucks to drive, and gave him wrong directions. He appears to allege that he was terminated based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Hayes also alleges what appear to be state law claims for intentional misrepresentation, promissory fraud, intentional infliction of emotional distress, and breach of contract. On October 26, 2009, Paschall filed a motion to dismiss for improper venue. Hayes, because he is proceeding pro se, was advised on October 27, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the dismissal of his complaint. He filed a response on November 25, 2009.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e) DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. When a 12(b)(3) motion to dismiss is filed, the plaintiff then bears the burden to "establish that venue is proper in the judicial district in which the plaintiff has brought the action." Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C.1996); see Bartholomew v. Va. Chiropractors Ass'n, Inc., 612 F.2d 812, 816 (4th Cir.1979). When considering a motion to dismiss for improper venue, a court must accept the facts alleged in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. Micromuse, Inc. v. Aprisma Mgmt. Tech., Inc., No. 05 Civ. 0894, 2005 WL 1241924, at *4 (S.D.N.Y. May 24, 2005)

## FACTS

Paschall is headquartered in Murray, Kentucky. Russell Long ("Long")[2] Aff., Para. 2. In October 2008, Hayes was hired to work as an over-the-road truck driver for Paschall. See Attachment to Complaint at 1-2; Long Aff., Para. 7. Paschall terminated Hayes' employment on December 29, 2008. See Attachment to Complaint at 5; Long Aff., Para. 8.

## DISCUSSION

Paschall contends that its motion to dismiss should be granted because venue is not proper in this court as to Hayes' Title VII claims. The Company does not address Plaintiff's other claims.

---

[2]Long is the Director of Human Resources for Paschall. Long Aff., Para. 1.

Hayes argues that Paschall's motion to dismiss should be denied because he filed criminal charges[3] including intentional misrepresentation, promissory fraud, intentional infliction of emotional distress, racial discrimination, and breach of contract; this is a diversity of citizenship case; and Paschall is represented by a South Carolina attorney. He appears to assert that an unlawful employment action was committed in South Carolina because he was hired in Columbia, South Carolina via a combination of a faxed application and telephone conversation.

Title VII includes a specific venue provision establishing appropriate venue for all Title VII causes of action. Venue of employment discrimination claims brought under Title VII are governed by Section 2000e-5(f)(3) of Title VII rather than the general federal venue statutes. See Harley v. Chao, 503 F. Supp.2d 763 (M.D.N.C. 2007). Title VII's venue provision states in relevant part:

> An action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. 2000e-5(f)(3).

---

[3] No citizen has an enforceable right to institute a criminal prosecution. Linda R.S. v. Richard V., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); see also Lopez v. Robinson, 914 F.2d 486 (4th Cir. 1990) (prison officials entitled to qualified immunity for their actions in screening inmate requests that they be transported to court to press criminal charges).

Plaintiff's Title VII claim consists of an allegation that he was terminated based on his race.[4] Russell Long, Jr., the Director of Human Resources for Paschall, states that Hayes was terminated while he was at Paschall's Murray, Kentucky headquarters. Long Aff., Para. 8. Hayes claims that an adverse employment act occurred in South Carolina because he was hired in South Carolina via telephone call and fax. He states that Diane McCoil and Michele Perkins of Paschall worked together on his application and he was informed by Michelle Perkins that he "was being brought on with the company." Hayes asserts that he was told he was going to Murray, Kentucky to go through three days of orientation and to receive the truck he would be driving, not to fill out an application and hope that he would be hired. As noted above, Hayes' Title VII claim concerns his termination, not his hiring. Even if he has made a Title VII claim as to his hiring, Hayes fails to show that the alleged wrongful employment practice occurred in South Carolina as the alleged wrongful actions were taken by Paschall employees who appear to have been located in Kentucky.[5]

Long states that the company maintains its employment records at its Murray, Kentucky headquarters. Long Aff., Para. 5. Hayes has not asserted that his employment records are kept in South Carolina. Long states that Hayes was dispatched out of Kentucky and reported to supervisors located in Kentucky. Long Aff., Para. 7. Hayes has not asserted that he would have worked in SC

---

[4] In his complaint, Hayes asserts that Paschall committed acts of racism. Complaint at 3. In the attachment to his complaint, he writes:
> 4) "Racial Discrimination" - Paschall Truck lines Inc. terminated me on 12/29/08 stating I was terminated as a result of high idle and out of route miles yet there were many Caucasian drivers with higher idle time and higher out of route miles that was [sic] not terminated. There exists documentation to prove this.

Attachment to Complaint at 5.

[5] Hayes has not asserted that these employees were located in South Carolina.

4

but for the alleged unlawful employment practice. Venue of Hayes' Title VII claim is thus improper in the District of South Carolina under each of the bases for venue provided in § 2000e-5(f)(3).

When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. The choice to transfer or dismiss a case afforded by 28 U.S.C. § 1406(a) lies within the sound discretion of the district court. See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993) (citations omitted); Quinn v. Watson, 145 Fed.Appx. 799 (4th Cir. 2005). Paschall, in its motion to dismiss, asserts that Plaintiff should have filed his Title VII action in the Western District of Kentucky. See Defendant's Motion to Dismiss at 3.

Having determined that the Western District of Kentucky is the appropriate venue for the Title VII claim, the court must decide whether the interest of justice requires transfer of the case, or dismissal of the case. There is a preference for finding that the "interest of justice" favors transfer. See Harley v. Chao, Secretary of Labor, 503 F.Supp.2d at 774. Dismissal of this case would be a harsh result based on what appears to be a mistake by a pro se litigant. Further, dismissal of this case could well be fatal to Plaintiff's Title VII claims due to the ninety day filing requirement under Title VII. Under the general venue provision,[6] it appears that venue would be appropriate in the

---

[6]This provides, in part:
(a)  A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship
(continued...)

Western District of Kentucky for Hayes' state law claims, as it appears that Paschall "resides" in that district and a substantial part of the alleged events occurred there.

## **CONCLUSION**

Based on the foregoing, it is recommended that Defendant's motion to dismiss be **denied** and that this action be **transferred** to the Western District of Kentucky.

Joseph R. McCrorey
United States Magistrate Judge

June 10, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[6](...continued)
may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
© For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.
28 U.S.C. § 1391.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).